RALPH KIRBY v. VIRGINIA KIRBY

No. 7528DC111

(Filed 18 June 1975)

1. **Judgments § 37— petition for support — dismissal on procedural grounds — subsequent alimony action — action not barred**

    Denial of defendant's petition for support under the Uniform Reciprocal Enforcement of Support Act disposed of the matter on procedural grounds, was not a trial on the merits, and was not a bar to a subsequent action for alimony by defendant.

2. **Divorce and Alimony § 13— petition for support — dismissal on procedural grounds — no judicial separation**

    Disposition on procedural grounds of an earlier action by defendant wife for support under the Uniform Reciprocal Enforcement of Support Act did not constitute a judicial separation such as would legalize the separation between the parties and deprive defendant of the use of abandonment as a defense in plaintiff's subsequent action for absolute divorce.

3. **Divorce and Alimony § 16— alimony award — sufficiency of evidence**

    Evidence was sufficient to support the trial court's findings that plaintiff husband abandoned defendant wife and to support the trial court's award of alimony to defendant.

APPEAL by plaintiff from *Israel, Judge.* Judgment entered 16 October 1974 in District Court, BUNCOMBE County: Heard in the Court of Appeals 10 April 1975.

Plaintiff filed this action for absolute divorce. In his complaint, filed 17 July 1973, plaintiff husband alleged, among other things, that he and defendant separated 1 November 1971 and lived continuously separate and apart since that date. In her answer, defendant denied that the separation was with the consent of defendant, and, to the contrary, alleged abandonment by plaintiff and cross-claimed for alimony and divorce from bed and board. Replying to the answer, plaintiff pleaded that a prior order of 15 June 1973 was a bar to defendant's cross-claim and that the order constituted a judicial separation.

From a judgment for defendant awarding alimony, plaintiff appealed.

*Wade Hall, for plaintiff appellant.*

*Adams, Hendon & Carson, P.A., by Philip G. Carson, for defendant appellee.*

MARTIN, Judge.

Plaintiff contends that the District Court erred in awarding alimony to defendant because her claim is barred by the judgment of 15 June 1973 under the doctrine of res judicata.

[1]   The record shows that in 1972 Virginia Kirby filed a petition in Virginia under the Uniform Reciprocal Enforcement of Support Act of that State, alleging that she was entitled to the support of her husband, Ralph Kirby, and that he had failed to provide adequate support. Since her husband resided in Asheville, North Carolina, the petition was tranmitted to Buncombe County. As a result, judgment was entered on 15 June 1973 in Buncombe County by District Court Judge Israel. In that judgment, the court stated rather tangentially that the separation between the couple was caused by the wrongdoing of the petitioner, Mrs. Kirby. It then denied the petition by concluding that "since property is owned by the parties in the State of Virginia, . . . the matter could properly be brought in a civil action for alimony and should be so brought rather than through the Uniform Reciprocal Enforcement of Support Act." Regardless of whether Mrs. Kirby's petition was properly denied due to the ownership of property in Virginia, her cross-claim for alimony in the present case was not barred by the 15 June 1973 judgment. Indeed, that judgment left open the possibility that alimony might be awarded in a future action.

"A judgment must be on the merits and not merely relate to matters of practice or procedure in order to have res judicata effect." 2 McIntosh, N. C. Practice and Procedure, § 1732 (2d Ed., Phillips Supp. (1970)). In the 15 June 1973 judgment, it appears that Judge Israel intended to dispose of the action on procedural grounds rather than on the merits. In the judgment appealed from in the present case, Judge Israel refers to his judgment of 15 June 1973 and finds, *inter alia:*

"12. That the Judgment in Buncombe County Case No. 72 CVD 2795 offered by the Plaintiff into evidence and entered by the undersigned Judge on or about June 15, 1973, as a result of the institution of a reciprocal support action contemplates by its terms the institution of a civil action for alimony by the Defendant and that said Judgment was entered without the Defendant being represented by counsel, without an appearance on behalf of the Defendant by the solicitor, and without a hearing at which the Defend-

ant was present and said Order is not supported by Findings of Fact and that the said Judgment is not a bar to the alimony action of the Defendant."

[2] Plaintiff also argues that the judgment of 15 June 1973 constituted a judicial separation such as will legalize the separation and deprive defendant of her recriminatory defense. Either an action for a divorce a mensa et thoro, an action for alimony without divorce under former G.S. 50-16, or a valid separation agreement may constitute a legalized separation which thereafter will permit either of the parties to obtain an absolute divorce on the ground of one year's separation. *Harrington v. Harrington*, 286 N.C. 260, 210 S.E. 2d 190 (1974). In the present case, the disposition of the 15 June 1973 judgment on procedural grounds did not deprive the wife of the use of abandonment as a defense to the action for divorce.

[3] Next, plaintiff contends that the court erred in awarding alimony because the evidence clearly showed that the separation was caused by the wrongdoing of defendant. In pertinent part, the court found as a fact that plaintiff left the State of Virginia on his own volition; that his departure was not due to any wrongdoing of defendant; that plaintiff abandoned defendant; and that the separation was a result of such abandonment. In our opinion, the evidence was sufficient to support the challenged findings of fact. The facts as found by the court supported its conclusions of law and the judgment entered thereon.

In the trial we find no prejudicial error, and the judgment appealed from is

Affirmed.

Judges BRITT and HEDRICK concur.