STEVEN T. ALT, PLAINTIFF v. JOHN UMSTEAD HOSPITAL, DEFENDANT

No. COA96-416

(Filed 21 January 1997)

**1. Judgments § 207 (NCI4th)— restraint of psychiatric patient—prior claims including malicious prosecution and false imprisonment—current claim under Tort Claims Act for negligence—not collaterally estopped**

The Industrial Commission did not err by concluding that plaintiff was not collaterally estopped from bringing a negligence claim under the State Tort Claims Act arising from being placed in seclusion and restraints by defendant hospital's employees where summary judgment was granted for individual physicians and officials of defendant hospital in a prior action arising from the same incident in which plaintiff sought damages for malicious prosecution, false imprisonment, and deprivation of constitutional and statutory rights. The dispositive issues in the first action were whether a criminal proceeding initiated against plaintiff was terminated in his favor and whether the individual defendants restrained plaintiff in violation of requisite procedures and in the exercise of professional judgment. In this action, the dispositive issue is whether the actions of defendant's employees conformed to the applicable standards of medical practice among members of the same health care profession with similar training and experience. Moreover, the requirement that the issue must have been raised and actually litigated is not satisfied in that exclusive original jurisdiction of claims against the State or its institutions and agencies in which injury is alleged to have occurred as a result of the negligence of a State employee is vested in the Industrial Commission, so that plaintiff's negligence claim could not have been adjudicated in the prior proceeding.

**Am Jur 2d, Judgments §§ 650, 651.**

**2. Physicians, Surgeons, and Other Health Care Professionals § 123 (NCI4th)— restraint of psychiatric patient— negligence**

The Industrial Commission did not err by concluding in a Tort Claims Act suit that defendant's employees were negligent in restraining plaintiff psychiatric patient and that such negligence injured plaintiff where an expert in psychiatry and neurology testified that throughout the psychiatric community, including North

Carolina, seclusion and restraint is an extreme measure used in the control of violent and suicidal behavior, that the initial decision to impose seclusion and restraint on plaintiff was not consistent with the recognized psychiatric standard of practice applicable to institutions such as defendant hospital, and that the failure to release plaintiff within the first three hours was also a violation of the applicable standards of practice. The Commission's findings are conclusive on appeal if supported by any competent evidence, whether or not the evidence would support contrary findings.

**Am Jur 2d, Physicians, Surgeons, and Other Healers §§ 205-220.**

Appeal by defendant from the decision and order entered 12 January 1996 by the North Carolina Industrial Commission. Heard in the Court of Appeals 7 January 1997.

*Carolina Legal Assistance, Inc., by Deborah Greenblatt, for plaintiff-appellee.*

*Attorney General Michael F. Easley, by Associate Attorney General Johnathan P. Babb, for defendant-appellant.*

MARTIN, John C., Judge.

Plaintiff filed this claim under the provisions of the State Tort Claims Act, alleging he had been injured by the medical negligence of defendant John Umstead Hospital and its employees. Specifically, plaintiff alleged that defendant's employees, Dr. Parker and Nurse DeBerry, had failed to comply with the standards of practice in the psychiatric profession regarding the use of seclusion and restraint. Defendant hospital denied plaintiff's allegations of negligence.

This suit is the second legal action to arise out of an incident occurring at defendant hospital on or about 22 February 1990. In *Alt v. Parker*, filed in the Superior Court of Guilford County, plaintiff sought damages against individual physicians and officials at defendant hospital, alleging malicious prosecution, false imprisonment, and deprivation of constitutional and statutory rights. Defendants' motion for summary judgment dismissing all claims was allowed by the trial court, and, by an opinion filed 19 October 1993, this Court affirmed. *Alt v. Parker*, 112 N.C. App. 307, 435 S.E.2d 773 (1993), *cert. denied*, 335 N.C. 766, 442 S.E.2d 507 (1994).

ALT v. JOHN UMSTEAD HOSPITAL

[125 N.C. App. 193 (1997)]

Defendant hospital moved for summary judgment in the present action on the grounds that the dismissal of the claims against the defendants in *Alt v. Parker* was a bar to this action on *res judicata* principles. The motion was denied by the deputy commissioner and the matter proceeded to a hearing. The evidence before the deputy commissioner may be briefly summarized as tending to show the following:

Plaintiff was involuntarily admitted to defendant hospital, a state psychiatric hospital, in November 1989 after he claimed to have taken an overdose of Tylenol. Dr. Parker, defendant's employee, was assigned to be plaintiff's treating psychiatrist. During the course of plaintiff's medical treatment it was discovered that plaintiff was infected with the Human Immunodeficiency Virus (HIV). At all times relevant to this case, plaintiff suffered from mixed personality disorder with narcissistic and histrionic features. Plaintiff did not respect Dr. Parker professionally, and had a poor relationship with other members of the staff. Plaintiff often refused to talk to staff members who had less than a doctoral degree, and openly called staff members derogatory names.

The vocational rehabilitation staff and others at defendant hospital were working with plaintiff to secure a residence and a job for him in the community. On the morning of 22 February 1990, plaintiff missed an appointment for a job interview. That afternoon, Dr. Parker and social worker Carol High, met with plaintiff. At the meeting, Dr. Parker discussed plaintiff's HIV condition with him, and Dr. Parker and Ms. High also confronted plaintiff with their suspicion that he had missed his job interview in order to sabotage his discharge. The meeting ended at approximately 4:00 p.m. with angry words between plaintiff and Dr. Parker and Ms. High. Shortly thereafter, Dr. Parker wrote a discharge order for plaintiff effective that day with a note stating, "Patient does not appear to be an acute danger to himself or others and did not voice suicidal or homicidal thoughts during the encounter." At approximately 5:00 p.m., Dr. Parker amended the order for plaintiff's brother to pick up plaintiff the following day.

At approximately 5:25 p.m., plaintiff threw his dinner tray against the wall of the ward. A health care technician reported plaintiff's behavior to Nurse DeBerry, who then ordered that plaintiff be placed in seclusion and restraints. Nurse DeBerry called Dr. Parker and informed him of plaintiff's behavior, who gave Nurse DeBerry verbal authorization for plaintiff to be secluded and restrained up to eight

hours. At 11:40 p.m., Dr. Parker visited plaintiff in the seclusion room. Plaintiff remained in four-point leather restraints throughout the night.

Plaintiff offered evidence that he had sustained emotional injury as a result of the incident. The parties offered conflicting evidence as to whether the actions of Dr. Parker and Nurse DeBerry in placing plaintiff in seclusion and restraint conformed to the standards of professional psychiatric practice applicable to institutions such as defendant.

The deputy commissioner denied plaintiff's claim in a Decision and Order dated 18 January 1995. Plaintiff appealed to the Full Commission. By a Decision and Order filed 12 January 1996, the Full Commission reversed the deputy commissioner's decision. The Commission made the following findings of fact:

> 17.  The decision of Dr. Parker and Nurse DeBerry to place plaintiff into seclusion and restraints at about 5:25 p.m. on February 22nd, 1990 was not in keeping with community standards of medical practice and was not justified by plaintiff's behavior, the state rules, or hospital policies. Throwing a tray and shouting obscenities do not constitute imminent danger to others or to a patient so as to justify the use of seclusion and restraint under psychiatric and medical standards of practice in February 1990. The behavior of Nurse DeBerry, smarting from being called names by her patient and unable to get her patient to be compliant, was one of punishment rather than treatment. Dr. Parker aided and abetted in this punishment. Irrational actions by a psychiatric patient are to be expected, and what might call for punishment in a mentally stable patient does not justify punishment of a mental deficient patient.

> . . .

> 21. The failure of Defendants DeBerry and Parker to release plaintiff from four-point restraints during the first three hours of his restraint was a violation of acceptable professional standards. Between 5:30 p.m. when plaintiff was placed into seclusion and restraints and 11:30 p.m. on February 22nd, 1990, Dr. Parker failed to visit or examine plaintiff, notwithstanding the fact that he was aware of plaintiff's several requests to see him and notwithstanding the fact that he was on the grounds of John Umstead Hospital the entire time. Under the facts and circum-

stances in this case, and having given verbal authorization to Nurse DeBerry to seclude and restrain plaintiff, Dr. Parker should have seen Mr. Alt immediately. His failure to do so within three hours of ordering seclusion and restraint was a departure from accepted standards.

Based on these findings, the Full Commission concluded:

1. . . . Dr. Parker and Nurse DeBerry of John Umstead Hospital were negligent in their care of plaintiff Stephen Alt inasmuch as their implementation of seclusion and restraint upon plaintiff on 22 and 23 February 1990 was not reasonable and in accordance with the standards of practice among members of the same health care profession with similar training and experience situated in similar communities in February of 1990. G.S. § 143-291 *et seq.*

2. Defendant argues that the essential elements of plaintiff's claim under the tort claims act have been determined in *Alt v. Parker*, 112 N.C. App. 307, 435 S.E.2d 773 (1993) and that plaintiff is collaterally estopped from relitigation of the same issues and facts. We disagree. The issues were not the same. The suit was for malicious prosecution (not involved here), false imprisonment (only collaterally involved, since a hospital and its staff can be not guilty of false imprisonment but guilty of negligence based on the same facts), and deprivation of due process (not involved here). The Industrial Commission is the court of original jurisdiction in state tort claims. G.S. § 143-291 *et seq.* The instant case is the first time the court of original jurisdiction has considered the facts of the instant case . . . .

3. As the result of being negligently restrained on 22 and 23 February 1990, plaintiff sustained mental and emotional damages entitling him to be paid an amount equal to $5,000.00 by defendant as compensation. *Id.*

Defendant appeals from the Decision and Order of the Full Commission.

---

Defendant's assignments of error raise two questions: (1) whether the Full Commission erred in finding plaintiff was not collaterally estopped from bringing this medical negligence claim; and (2) whether the evidence supports the Commission's finding that the placing of plaintiff in seclusion and restraints by defendant's employees was a departure from acceptable standards, supporting its legal conclusion that plaintiff was injured as a result of defendant's

employees' negligent acts. Defendant's remaining assignment of error, relating to the deputy commissioner's denial of its motion for summary judgment, has been abandoned by its failure to advance any argument in support of the assignment of error. N.C.R. App. P. 28(b)(5).

**[1]** Defendant contends the Full Commission erred in concluding that plaintiff was not collaterally estopped from bringing his negligence claim. Defendant argues that our decision in *Alt v. Parker, supra,* affirming summary judgment in favor of defendant on plaintiff's claims for malicious prosecution, false imprisonment and deprivation of due process, precludes plaintiff from bringing his medical negligence claim before the Industrial Commission.

The elements of collateral estoppel are: (1) the prior suit resulted in a judgment on the merits; (2) identical issues are involved; (3) the issue was actually litigated and necessary to the judgment; and (4) the issue was actually determined. *Thomas M. McInnis & Associates, Inc., v. Hall,* 318 N.C. 421, 349 S.E.2d 552 (1986).

Collateral estoppel does not apply in the instant case because the second requirement that the issues in the two actions be identical is not met. Although the factual allegations underlying the two claims are the same, different issues are involved. In plaintiff's first action, the dispositive issues, were whether a criminal proceeding initiated against plaintiff was terminated in his favor, and whether the individual defendants, who were employees of defendant hospital, restrained defendant in violation of requisite procedures and in the exercise of professional judgment. In the instant action, the dispositive issue is whether the actions of defendant's employees conformed to the applicable standards of medical practice among members of the same health care profession with similar training and experience. The issues are quite distinct.

Moreover, the third requirement that the issue must have been raised and actually litigated is not satisfied. Pursuant to the State Tort Claims Act, exclusive original jurisdiction of claims against the State or its institutions and agencies, in which injury is alleged to have occurred as a result of the negligence of an employee of the State, is vested in the North Carolina Industrial Commission. N.C. Gen. Stat. § 143-291 *et seq.* (1996). Thus, plaintiff's negligence claim against defendant hospital could not have been adjudicated in the prior proceeding because the Superior Court had no jurisdiction over a tort claim against the State.

**[2]** Defendant hospital next argues that there was no competent evidence to support the Commission's findings that defendant's employees, Dr. Parker and Nurse DeBerry, had not acted in accordance with the applicable standards of practice in placing plaintiff in seclusion and restraint. Thus, defendant hospital contends, the Commission erred in its legal conclusion that defendant's employees were negligent and that such negligence injured plaintiff.

Appellate review of Industrial Commission decisions is limited to a determination of whether there was any competent evidence before the Commission to support the Commission's findings of fact and whether those findings support its legal conclusions and decision. N.C. Gen. Stat. § 143-293; *Bailey v. Dept. of Mental Health*, 272 N.C. 680, 159 S.E.2d 28 (1968). The Commission's findings of fact are conclusive on appeal if supported by any competent evidence, whether or not the evidence would support contrary findings. *Id.* "Negligence is a mixed question of law and fact, and we must determine whether the facts found by the Industrial Commission support its conclusion of negligence." *Woodlard v. N.C. Dept. of Transportation*, 93 N.C. App. 214, 218, 377 S.E.2d 267, 269, *cert. denied*, 325 N.C. 230, 381 S.E.2d 792 (1989).

Plaintiff presented evidence tending to show that Dr. Parker had noted, in his progress notes dated 22 February 1990 at 4:00 p.m., that plaintiff did not appear to be an acute danger to himself or others and did not voice suicidal or homicidal thoughts during the encounter between plaintiff, Dr. Parker and Ms. High. The seclusion and restraint notes dated 22 February 1990 at 5:30 p.m. states that plaintiff may have seclusion and restraint for up to eight hours "for out of control behavior" and that plaintiff may be released when he can "contract for appropriate behavior and is calm."

Dr. Kenneth J. Tardiff, tendered as an expert in psychiatry and neurology, testified that throughout the psychiatric community, including North Carolina, seclusion and restraint "is an extreme measure used in terms of the control of violence or suicidal behavior." Dr. Tardiff testified that he was of the opinion that the initial decision to impose seclusion and restraint on plaintiff was not consistent with the recognized psychiatric standards of practice applicable to institutions such as defendant hospital. Dr. Tardiff further testified that Dr. Parker and Nurse DeBerry's failure to release plaintiff within the first three hours of his seclusion and restraint was also a violation of the applicable standards of practice. This evidence supports the

Commission's finding that the actions of defendant's employees ·in placing plaintiff in seclusion and restraints was not in keeping with the applicable psychiatric standards of practice. Those findings, in turn, support the Commission's conclusion that Dr. Parker and Nurse DeBerry breached the duty of care owed to plaintiff, entitling plaintiff to damages for the emotional injuries sustained by him. Accordingly, the Commission's award must be affirmed.

Affirmed.

Judges EAGLES and GREENE concur.