LEROY BLAIR AND PAMELA BLAIR, PLAINTIFFS v. ROGER D. ROBINSON AND WIFE, MICHELLE ROBINSON, AND R&M HOMES, INC., DEFENDANTS

No. COA05-1259

(Filed 5 July 2006)

**Corrections; Parties— necessary parties—res judicata—piercing the corporate veil—alternative remedies**

The trial court erred by dismissing plaintiff's complaint seeking to hold the individual defendants liable for an earlier judgment rendered in plaintiffs' favor against a corporation for a refund of a deposit for the purchase of a manufactured home from the corporation because: (1) defendants, the sole shareholders, directors, and officers of the corporation, were not necessary parties to the first action under N.C.G.S. § 1A-1, Rule 19 when there was no basis at the time of the prior action to attempt to pierce the corporate veil and name the individuals as defendants; (2) plaintiffs appropriately filed suit for recovery of their deposit against the corporation which sold them the manufactured home, and defendants' untenable position would require every person seeking recovery against a corporation to attempt to pierce the corporate veil and name as defendants every officer and director of the company in order to ensure collection of any favorable judgment; (3) res judicata does not bar the present suit when the prior action sought recovery of a deposit and the present action seeks to pierce the corporate veil and determine whether defendants should be held liable for the corporate debt based on their alleged actions of selling off corporate assets for personal gain after the successful conclusion of plaintiffs' prior suit; and (4) the existence of possible alternative remedies does not preclude plaintiffs from pursuing their present course of action.

Appeal by plaintiffs from an order entered 28 June 2005 by Judge David S. Cayer in Gaston County Superior Court. Heard in the Court of Appeals 29 March 2006.

*M. Clark Parker, P.A., by M. Clark Parker, for plaintiff-appellants.*

*J. Boyce Garland, Jr. for defendant-appellees.*

HUNTER, Judge.

Leroy and Pamela Blair ("plaintiffs") appeal from an order of the trial court dismissing their complaint against Roger and Michelle Robinson ("the Robinsons") and their company, R&M Homes, Inc. ("R&M Homes") (collectively "defendants"). Plaintiffs contend their present action is neither barred by *res judicata* nor by their failure to join the Robinsons as necessary parties in an earlier action. We agree that the trial court erred in dismissing their complaint, and we therefore reverse the order of the trial court.

This appeal arose after plaintiffs filed a complaint against defendants in Gaston County Superior Court seeking to hold them liable for an earlier judgment rendered in plaintiffs' favor against R&M Homes. The complaint alleged the following: On or about 28 July 2003, plaintiffs instituted a civil action in Gaston County against R&M Homes to recover a $20,000.00 deposit made by plaintiffs for the purchase of a manufactured home sold by R&M Homes. The civil action did not name the Robinsons as defendants. A subsequent jury trial found in favor of plaintiffs, and judgment for $20,000.00 against R&M Homes was entered accordingly. When plaintiffs attempted to enforce the judgment, however, they discovered that the Robinsons, as sole shareholders, directors, and officers of R&M Homes, had ceased operations and sold all assets. Plaintiffs alleged the Robinsons did so "in order to divest corporate assets and avoid paying the Judgment in favor of . . . Plaintiffs[.]" Plaintiffs further alleged that the Robinsons "improperly kept the proceeds of the sale of [the] corporate assets for personal benefit and have failed to use said sale proceeds or other assets of R & M Homes, Inc. to pay corporate debt, including the Judgment in favor of the Plaintiffs." The complaint alleged that R&M Homes was operated as a mere instrumentality or alter ego of the Robinsons, and that plaintiffs should therefore recover from the Robinsons the amount of the earlier judgment entered against R&M Homes. The complaint also charged defendants with fraud and breach of fiduciary duty.

The Robinsons filed a motion to dismiss plaintiffs' complaint, arguing that it was barred by the doctrine of *res judicata*, the failure of plaintiffs to join the Robinsons as necessary parties in the prior action against R&M Homes, and failure to state a claim upon which relief may be granted. The trial court agreed and entered an order dismissing plaintiffs' complaint with prejudice. Plaintiffs appeal.

Plaintiffs contend the trial court erred in dismissing their complaint. Defendants argue that the Robinsons were necessary parties to the first action, and the trial court therefore properly dismissed plaintiffs' present action.

North Carolina Rule of Civil Procedure 19 governs the necessary joinder of parties and provides in part:

> (a) *Necessary joinder.*—Subject to the provisions of Rule 23, those who are united in interest must be joined as plaintiffs or defendants; but if the consent of anyone who should have been joined as plaintiff cannot be obtained he may be made a defendant, the reason therefor being stated in the complaint; provided, however, in all cases of joint contracts, a claim may be asserted against all or any number of the persons making such contracts.

N.C. Gen. Stat. § 1A-1, Rule 19(a) (2005). " 'Necessary parties must be joined in an action.' " *Karner v. Roy White Flowers, Inc.*, 351 N.C. 433, 438, 527 S.E.2d 40, 44 (2000) (citation omitted). "A necessary party is one who 'is so vitally interested in the controversy that a valid judgment cannot be rendered in the action completely and finally determining the controversy without his presence.' " *Id.* at 438-39, 527 S.E.2d at 44 (quoting *Strickland v. Hughes*, 273 N.C. 481, 485, 160 S.E.2d 313, 316 (1968)).

According to the complaint, plaintiffs' prior suit against R&M Homes sought recovery of a deposit for the sale of a manufactured home by the corporation. Plaintiffs alleged that it was only after judgment was entered in favor of plaintiffs that the Robinsons allegedly ceased operations and sold all corporate assets in an effort to avoid payment. The present suit seeks to hold the Robinsons personally liable for the corporate debt based on these actions arising after the conclusion of the first suit. Assuming the allegations in the complaint are true, when they instituted the first suit, plaintiffs could not have predicted the subsequent actions of the Robinsons giving rise to the present suit. There was therefore no basis, at the time of the prior action, to attempt to pierce the corporate veil and name the Robinsons as defendants. Thus, the Robinsons were not necessary parties to the first action. N.C. Gen. Stat. § 1A-1, Rule 19. Plaintiffs appropriately filed suit for recovery of their deposit against R&M Homes, the corporation which sold them the manufactured home. Defendants' untenable position would require every person seeking recovery against a corporation to attempt to pierce the corporate veil

and name as defendants every officer and director of the company in order to ensure collection of any favorable judgment.

Defendants next contend the doctrine of *res judicata* bars plaintiffs' present suit. Defendants assert that plaintiffs should have sought recovery from the Robinsons during the prior action and their failure to do so precludes plaintiffs' present claim. We do not agree.

Under the doctrine of *res judicata*:

"Where a second action or proceeding is between the same parties as the first action or proceeding, the judgment in the former action or proceeding is conclusive in the latter not only as to all matters actually litigated and determined, but also as to all matters which could properly have been litigated and determined in the former action or proceeding."

*Fickley v. Greystone Enters., Inc.*, 140 N.C. App. 258, 260, 536 S.E.2d 331, 333 (2000) (citation omitted). For *res judicata* to apply, there must be identity of (1) parties, (2) subject matter, and (3) issues. *Beall v. Beall*, 156 N.C. App. 542, 545, 577 S.E.2d 356, 359, *appeal dismissed*, 357 N.C. 249, 585 S.E.2d 754 (2003); *Merrick v. Peterson*, 143 N.C. App. 656, 662, 548 S.E.2d 171, 175-76 (2001).

In the present case, plaintiffs originally sought and obtained a final judgment against R&M Homes to recover their deposit from the sale of a manufactured home. The Robinsons were not parties to the first civil action. The present action seeks to pierce the corporate veil and determine whether the Robinsons should be held liable for the corporate debt of R&M Homes. The present complaint also sets forth claims of fraud and breach of fiduciary duty arising from the Robinsons' alleged actions in selling off corporate assets for personal gain. As noted *supra*, plaintiffs alleged that these actions did not occur until after the successful conclusion of plaintiffs' prior suit. Thus, according to the allegations in the complaint, plaintiffs' present claims were not and could not have been raised in the first suit. Because there is neither identity of parties, subject matter, or issues, *res judicata* is inapplicable and does not bar plaintiffs' present action. *See Beall*, 156 N.C. App. at 545, 577 S.E.2d at 359 (holding that, where the prior claim was a motion for an accounting arising out of divorce proceedings, *res judicata* did not bar the present claim for fraud, conversion, unfair and deceptive trade practice, and misappropriation); *compare Murillo v. Daly*, 169 N.C. App. 223, 226-27, 609 S.E.2d 478, 481 (2005) (holding that the tenant plaintiffs were not

barred by the doctrine of *res judicata* from pursuing their complaint against the landlord defendant for breach of contract, negligence, and unfair and deceptive trade practices arising from a broken septic tank system, where the plaintiffs had failed to assert these claims as counterclaims in an earlier action brought by the defendant for ejectment and recovery of unpaid rent).

Defendants contend the trial court properly dismissed plaintiffs' complaint for failure to state a claim upon which relief may be based. "A claim for relief should not suffer dismissal unless it affirmatively appears that plaintiff is entitled to no relief under any state of facts which could be presented in support of the claim." *Presnell v. Pell*, 298 N.C. 715, 719, 260 S.E.2d 611, 613 (1979). In ruling on a motion under Rule 12(b)(6), "the complaint must be viewed as admitted, and on that basis the court must determine as a matter of law whether the allegations state a claim for which relief may be granted." *Stanback v. Stanback*, 297 N.C. 181, 185, 254 S.E.2d 611, 615 (1979).

Defendants base their argument on their prior contentions that the Robinsons were necessary parties and *res judicata* bars the present action. In addition, defendants argue that plaintiffs have adequate statutory remedy and do not need to institute the present civil action. Section 1-352 of the General Statutes provides that:

> When an execution against property of a judgment debtor, or any one of several debtors in the same judgment, issued to the sheriff of the county where he resides or has a place of business, or if he does not reside in the State, to the sheriff of the county where a judgment roll or a transcript of a judgment is filed, is returned wholly or partially unsatisfied, the judgment creditor at any time after the return, and within three years from the time of issuing the execution, is entitled to an order from the court to which the execution is returned or from the judge thereof, requiring such debtor to appear and answer concerning his property before such court or judge, at a time and place specified in the order, within the county to which the execution was issued.

N.C. Gen. Stat. § 1-352 (2005). Plaintiffs may also serve written interrogatories to discover assets of a judgment debtor. *See* N.C. Gen. Stat. § 1-352.1 (2005). Although we agree that plaintiffs might have sought some relief pursuant to these statutes, the existence of possible alternate remedies does not preclude plaintiffs from pursuing their present course of action. *See, e.g., Douglas v. Parks*, 68 N.C. App. 496, 497-98, 315 S.E.2d 84, 86 (1984) (discussing election of

remedies doctrine). Because plaintiffs' complaint states several claims upon which relief may be granted, the trial court erred in dismissing plaintiffs' complaint.

In conclusion, we hold the trial court erred in dismissing plaintiffs' complaint, and we therefore reverse the order of the trial court.

Reversed.

Judges McGEE and STEPHENS concur.