LORYN HERRING, Plaintiff-Appellant v. WINSTON-SALEM/FORSYTH COUNTY BOARD OF EDUCATION, Defendant-Appellee

No. COA07-35

(Filed 5 February 2008)

1. **Collateral Estoppel and Res Judicata— dismissal of action—sovereign immunity—adjudication on merits—subsequent constitutional claims barred**

An action by plaintiff student who was inured on her way to a school bus stop against defendant county board of education based upon alleged state constitutional violations of her rights to due process and equal protection was barred by res judicata where plaintiff's prior action against defendant board for negligence, breach of fiduciary duty, and constructive fraud was dismissed on the ground of sovereign immunity because: (1) dismissal of the prior action on the ground of sovereign immunity operated as an adjudication on the merits; (2) plaintiff's constitutional claims could have been brought in the original action, but

plaintiff failed to amend her complaint to allege those claims; (3) the parties were identical in both actions; and (4) the claims in the second action related to the same facts as the claims in the original action.

**2. Pleadings— Rule 11 sanctions—complaint well-grounded in fact and warranted by existing law or good faith argument for extension, modification or reversal of existing law**

The trial court in a student's action against a county board of education based upon state constitutional claims erred by sanctioning plaintiff's attorneys under N.C.G.S. § 1A-1, Rule 11, because plaintiff's complaint was well-grounded in fact and was warranted by existing law or a good faith argument for the extension, modification or reversal of existing law when: (1) the trial court mischaracterized plaintiff's claim, and thus the pertinent finding of fact and conclusion of law were not supported by the evidence; (2) the trial court's finding of fact that the evidence presented to the trial court that defendant board of education had insurance to cover the claims in each of those cases was not supported by the evidence; (3) plaintiff's attorneys performed a reasonable inquiry into the facts and did reasonably believe that the complaint was well-grounded in fact including checking the public record whereupon the attorneys discovered three cases in which male plaintiffs had sued defendant, had not alleged in their complaints that defendant had waived sovereign immunity by the purchase of insurance, and defendant settled those cases; and (4) Rule 11 sanctions are inappropriate when the issue raised by a plaintiff's complaint is one of first impression, and no case had specifically held that a dismissal on grounds of sovereign immunity was a final adjudication on the merits barring subsequent actions.

Appeal by Plaintiff from order entered 12 July 2006, *nunc pro tunc* 2 June 2006, and order entered 12 July 2006 by Judge William Z. Wood, Jr. in Superior Court, Forsyth County. Heard in the Court of Appeals 10 October 2007.

*Kennedy, Kennedy, Kennedy & Kennedy, L.L.P., by Harold L. Kennedy, III and Harvey L. Kennedy, for Plaintiff-Appellant.*

*Doughton & Hart PLLC, by Thomas J. Doughton and Amy L. Bossio, for Defendant-Appellee.*

McGEE, Judge.

Loryn Herring (Plaintiff) appeals from an order granting summary judgment to the Winston-Salem/Forsyth County Board of Education (Defendant) on the ground of *res judicata*. Plaintiff also appeals from an order sanctioning Plaintiff's attorneys under Rule 11 of the North Carolina Rules of Civil Procedure. We affirm the summary judgment order and reverse the order sanctioning Plaintiff's attorneys.

In a prior action, Plaintiff, through a guardian ad litem, and Plaintiff's mother (the plaintiffs) filed a complaint on 3 June 1998 and an amended complaint on 7 August 1998 against Defendant and Ronald Liner (the defendants). In that action, the plaintiffs alleged that Plaintiff had been assaulted on her school bus by three boys and that the defendants had changed Plaintiff's bus stop to a new bus stop that was more dangerous. The plaintiffs further alleged that approximately five months later, Plaintiff was hit by a vehicle while walking to the new bus stop. The plaintiffs alleged claims for negligence, breach of fiduciary duty, and constructive fraud. In their answer, the defendants raised the defense of sovereign immunity, *inter alia*, and moved to dismiss the complaint.

The trial court converted the motion to dismiss into a motion for summary judgment, and denied the motion. The defendants appealed, and our Court held that "sovereign immunity bar[red] the claims presented by the plaintiffs in this case, [and] . . . conclude[d] that the trial court erred in denying the defendants' summary judgment motion based on the sovereign immunity defense." *Herring v. Winston-Salem/Forsyth County Bd. of Educ.*, 137 N.C. App. 680, 690, 529 S.E.2d 458, 465, *disc. review denied*, 352 N.C. 673, 545 S.E.2d 423 (2000) (*Herring I*). Our Court remanded the matter to the trial court for entry of summary judgment for the defendants. *Id.*

On remand, the trial court entered an order allowing the defendants' motion for summary judgment. However, the plaintiffs filed a Rule 60(b)(6) motion to set aside the order as to Ronald Liner, and the trial court entered an order allowing the plaintiffs' motion. Ronald Liner then filed a motion for summary judgment. The trial court allowed the motion and dismissed the case. The plaintiffs appealed and our Court affirmed the trial court's order and held that the plaintiffs' claim against Ronald Liner was barred by sovereign immunity. *Herring v. Liner*, 163 N.C. App. 534, 594 S.E.2d 117 (2004) (*Herring II*).

Plaintiff filed the complaint in the present case against Defendant and Ronald Liner on 1 April 2005. Plaintiff alleged State constitutional claims for a violation of her rights to due process and equal protection. Plaintiff's claims arose out of the same set of facts set forth in the complaint in *Herring I*. However, Plaintiff also alleged that she was treated differently from the three boys who attacked her on the bus. Plaintiff further alleged that she "was treated differently from similarly situated claimants, and . . . Defendants' decision not to settle her particular case was arbitrary and capricious. Upon information and belief, . . . Defendant Board has in the past settled negligence or tort claims without raising the defense of sovereign immunity[.]" Defendant and Ronald Liner responded by raising, *inter alia*, the defense of *res judicata*. Plaintiff subsequently filed a notice of voluntary dismissal without prejudice with respect to Ronald Liner. Defendant then filed a motion for summary judgment and a motion for sanctions.

The trial court entered an order on 12 July 2006, *nunc pro tunc* 2 June 2006, granting summary judgment for Defendant on the ground of *res judicata*. The trial court also entered an order on 12 July 2006 granting Defendant's motion for Rule 11 sanctions against Plaintiff's attorneys. Plaintiff appeals.

I.

**[1]** Plaintiff argues the trial court erred by granting summary judgment for Defendant on the ground of *res judicata*. "[T]he standard of review on appeal from summary judgment is whether there is any genuine issue of material fact and whether the moving party is entitled to a judgment as a matter of law." *Bruce-Terminix Co. v. Zurich Ins. Co.*, 130 N.C. App. 729, 733, 504 S.E.2d 574, 577 (1998). We review the evidence in the light most favorable to the nonmoving party. *Id.*

"Res judicata precludes a second suit involving the same claim between the same parties or those in privity with them when there has been a final judgment on the merits in a prior action in a court of competent jurisdiction." *Moody v. Able Outdoor, Inc.*, 169 N.C. App. 80, 84, 609 S.E.2d 259, 261 (2005).

> In order to successfully assert the doctrine of res judicata, a litigant must prove the following essential elements: (1) a final judgment on the merits in an earlier suit, (2) an identity of the causes of action in both the earlier and the later suit, and (3) an identity of the parties or their privies in the two suits.

*Id.* at 84, 609 S.E.2d at 262.

Plaintiff argues that the dismissal with prejudice of the earlier action on the ground of sovereign immunity was not an adjudication on the merits. Rather, Plaintiff argues the dismissal was a matter of practice or procedure. It is true that " '[a] judgment must be on the merits and not merely relate to matters of practice or procedure in order to have res judicata effect.' " *Kirby v. Kirby*, 26 N.C. App. 322, 323, 215 S.E.2d 798, 799 (1975) (quoting 2 McIntosh, N.C. Practice and Procedure, § 1732 (2d Ed., Phillips Supp. (1970)). However, for the reasons that follow, we hold that a dismissal on grounds of sovereign immunity is a final judgment on the merits for purposes of *res judicata.*

Our Court has recognized that "[a] dismissal with prejudice is an adjudication on the merits and has res judicata implications." *Caswell Realty Assoc. v. Andrews Co.*, 128 N.C. App. 716, 720, 496 S.E.2d 607, 610 (1998). In *Caswell Realty*, although the prior action was not decided on grounds of sovereign immunity, our Court held that "[t]he order of summary judgment . . . was a final adjudication on the merits for purposes of the doctrine of res judicata[.]" *Id.* at 721, 496 S.E.2d at 611; *see also Green v. Dixon*, 137 N.C. App. 305, 310, 528 S.E.2d 51, 55, *aff'd per curiam*, 352 N.C. 666, 535 S.E.2d 356 (2000) (stating: "In general, a cause of action determined by an order for summary judgment is a final judgment on the merits."). Moreover, our Supreme Court has recognized that "[t]he purpose of summary judgment is to bring litigation to an early decision *on the merits* without the delay and expense of a trial when no material facts are at issue." *Harris v. Walden*, 314 N.C. 284, 286, 333 S.E.2d 254, 256 (1985) (emphasis added). Furthermore, it is well settled that " '[a] dismissal under Rule 12(b)(6) operates as an adjudication on the merits unless the court specifies that the dismissal is without prejudice.' " *Clancy v. Onslow Cty.*, 151 N.C. App. 269, 272, 564 S.E.2d 920, 923 (2002) (quoting *Hoots v. Pryor*, 106 N.C. App. 397, 404, 417 S.E.2d 269, 274, *disc. review denied*, 332 N.C. 345, 421 S.E.2d 148 (1992)). The only difference between a Rule 12(b)(6) motion and a summary judgment motion is that the trial court decides the former on the complaint alone, while the trial court may receive and consider other evidence when ruling on the latter, as the trial court did in the present case. *See Kessing v. Mortgage Corp.*, 278 N.C. 523, 533, 180 S.E.2d 823, 829 (1971).

Plaintiff cites *Clegg v. United States*, 112 F.2d 886 (10th Cir. 1940), for the proposition that the term "merits" means "the real or substantial grounds of *action or defense* as distinguished from

matters of practice, procedure, jurisdiction or form." *Id.* at 887 (emphasis added). However, *Clegg* supports our decision in the present case because sovereign immunity is an affirmative defense. *See McIver v. Smith*, 134 N.C. App. 583, 584, 518 S.E.2d 522, 524 (1999), *disc. review improvidently allowed*, 351 N.C. 344, 525 S.E.2d 173 (2000) (recognizing that sovereign immunity is an affirmative defense). Therefore, based upon *Clegg*, a ruling on the affirmative defense of sovereign immunity is a ruling on the merits. *See Clegg*, 112 F.2d at 887.

Our decision is further supported by decisions of courts in other jurisdictions. In *Kutzik v. Young*, 730 F.2d 149, 151 (4th Cir. 1984), the Fourth Circuit recognized that "[i]n Maryland, a dismissal based on a defense of sovereign immunity meets the final judgment requirement for application of claim preclusion." In *Flores v. Edinburg Consol. Independent School Dist.*, 741 F.2d 773, 775 n.3 (5th Cir. 1984), *reh'g denied en banc*, 747 F.2d 1465 (5th Cir. 1984), the Fifth Circuit noted that under Texas law, "[a] summary judgment on grounds of sovereign immunity is a judgment on the merits for purposes of res judicata." In *Frigard v. U.S.*, 862 F.2d 201, 204 (9th Cir. 1988), *cert. denied*, 490 U.S. 1098, 104 L. Ed. 2d 1003 (1989) (citation omitted), the Ninth Circuit stated that whereas, "[o]rdinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court," if "the bar of sovereign immunity is absolute . . . [and] no other court has the power to hear the case," the case is properly dismissed "with prejudice." *See also Bloomquist v. Brady*, 894 F. Supp. 108, 116 (W.D.N.Y. 1995) (stating that "[a] dismissal based on sovereign immunity is a decision on the merits, as it determines that a party has no cause of action or substantive right to recover against the United States.").

We next consider Plaintiff's argument that there was no identity of the causes of action between *Herring I* and the present case. "The doctrine of *res judicata* . . . applies to those 'issues which could have been raised in the prior action but were not. Thus, the doctrine is intended to force parties to join all matters which might or should have been pleaded in one action.'" *Clancy*, 151 N.C. App. at 271-72, 564 S.E.2d at 923 (quoting *Chrisalis Properties, Inc. v. Separate Quarters, Inc.*, 101 N.C. App. 81, 84, 398 S.E.2d 628, 631 (1990) (citations omitted), *disc. review denied*, 328 N.C. 570, 403 S.E.2d 509 (1991)). Plaintiff argues she could not have brought her constitutional claims in the prior action because no such cause of action existed until our Court decided *Dobrowolska v. Wall*, 138 N.C. App. 1, 530

S.E.2d 590 (2000), *disc. review improvidently allowed in part,* 355 N.C. 205, 558 S.E.2d 174 (2002). Plaintiff is mistaken.

In *State v. Welch,* 232 N.C. 77, 59 S.E.2d 199 (1950), our Supreme Court recognized that "[i]t is our province to declare the law, but not to make it." *Id.* at 82, 59 S.E.2d at 204. Accordingly, when our Court ruled in *Dobrowolska* that the trial court erred by entering summary judgment for the defendant on the plaintiff's due process and equal protection claims, our Court did not create a new cause of action. *See Dobrowolska,* 138 N.C. App. at 18-19, 530 S.E.2d at 602. Rather, based upon precedent related to those constitutional provisions, our Court held that there were genuine issues of material fact as to "whether or not the policy of the City [had] violated [the] plaintiffs' due process and equal protection rights due to arbitrary and capricious behavior, and likewise, whether such behavior [was] reasonably related to a legitimate governmental objective." *Id.* at 19, 530 S.E.2d at 602. In *Dobrowolska,* the plaintiff's claims were based upon the same provisions of the North Carolina Constitution now relied upon by Plaintiff in the present case. In the present case, upon the filing of Defendant's answer, Plaintiff's attorneys were on notice that Defendant was relying upon the defense of sovereign immunity. At that point, Plaintiff's attorneys could have amended the complaint to assert the constitutional claims, as the plaintiffs did in *Dobrowolska.*

Plaintiff cites several cases in support of her argument, all of which are distinguishable. Plaintiff relies upon *Beam v. Almond,* 271 N.C. 509, 157 S.E.2d 215 (1967), in contending that *res judicata* does not apply where the trial court heard no evidence in the former action. However, in *Beam,* the first action was dismissed for failure to join all necessary parties, *id.* at 511, 157 S.E.2d at 218, and it is clear that a dismissal for failure to join a necessary party does not operate as an adjudication on the merits, *see* N.C. Gen. Stat. § 1A-1, Rule 41(b) (2007) (stating that "a dismissal under this section and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a necessary party, operates as an adjudication upon the merits").

Plaintiff also relies upon *Pate v. N.C. Dep't of Transp.,* 176 N.C. App. 530, 626 S.E.2d 661, *disc. review denied,* 360 N.C. 535, 633 S.E.2d 819 (2006), and *Alt v. John Umstead Hospital,* 125 N.C. App. 193, 479 S.E.2d 800, *disc. review denied,* 345 N.C. 639, 483 S.E.2d 702 (1997). However, in *Pate* and *Alt,* the plaintiffs first brought actions in superior court, which were dismissed, and then filed negligence claims under the Tort Claims Act in the North Carolina Industrial

Commission. *Pate*, 176 N.C. App. at 531-32, 626 S.E.2d at 662-63; *Alt*, 125 N.C. App. at 194, 479 S.E.2d at 801. The plaintiffs in *Pate* and *Alt*, unlike Plaintiff in the present case, could not have brought their Tort Claims Act claims in the prior superior court proceedings because exclusive original jurisdiction for Tort Claims Act cases lies with the Industrial Commission. *Pate*, 176 N.C. App. at 535, 626 S.E.2d at 665; *Alt*, 125 N.C. App. at 198, 479 S.E.2d at 804.

Plaintiff also relies upon *Blair v. Robinson*, 178 N.C. App. 357, 631 S.E.2d 217 (2006), where a judgment was entered for the plaintiffs against a company and, after the plaintiffs were unable to recover on the judgment, the plaintiffs filed a second action against the shareholders, directors, and officers of the company. *Id.* at 358, 631 S.E.2d at 219. Our Court recognized that the individual defendants in the second case were not parties to the first, and that the second action sought to pierce the corporate veil. *Id.* at 360, 631 S.E.2d at 220. In the second action, the plaintiffs also alleged the individual defendants sold off corporate assets for personal gain, which actions occurred after judgment in the first action. *Id.* Our Court held: "Because there is neither identity of parties, subject matter, or issues, *res judicata* is inapplicable and does not bar [the] plaintiffs' present action." *Id.* In the present case, unlike in *Blair*, there was an identity of parties between the two suits and, although the second action alleged different claims, Plaintiff could have brought those claims in the first action.

Plaintiff further cites *Tiber Holding Corp. v. DiLoreto*, 170 N.C. App. 662, 613 S.E.2d 346, *disc. review denied*, 360 N.C. 78, 623 S.E.2d 263 (2005). However, in *DiLoreto*, the first action involved a transfer of title of the property separate from the transfer at issue in the second action. *Id.* at 666, 613 S.E.2d at 350. Therefore, because the two actions were different, *res judicata* did not bar the second action. *Id.* In the present case, unlike in *DiLoreto*, the claims in the second action relate to the same set of facts as the claims in the first.

Plaintiff also cites *Murillo v. Daly*, 169 N.C. App. 223, 609 S.E.2d 478 (2005), where our Court held that because the plaintiffs' claims were not compulsory counterclaims that should have been brought in a previous action, the plaintiffs' claims were not barred by *res judicata*. *Id.* at 227, 609 S.E.2d at 481. However, because the present case does not involve compulsory counterclaims, *Murillo* is distinguishable. Moreover, in the present case, the same facts gave rise to both the first and second actions.

Plaintiff also relies upon *Beall v. Beall,* 156 N.C. App. 542, 577 S.E.2d 356 (2003). However, in *Beall,* the first action was a motion for an accounting in divorce proceedings, and the second action was a suit filed by the children against their father for fraud, conversion, unfair and deceptive trade practice, and misappropriation. *Id.* at 545, 577 S.E.2d at 359. Our Court held that the first action was "separate and distinct in kind from the earlier." *Id.*

Plaintiff also cites *Lawlor v. National Screen Service Corp.,* 349 U.S. 322, 99 L. Ed. 1122 (1955), and *Trustees of Garden of Prayer Baptist Church v. Geraldco Builders,* 78 N.C. App. 108, 336 S.E.2d 694 (1985), in support of her position that she could not have raised the constitutional claims in the first action. However, these cases provide no support for that position. In *Lawlor,* the United States Supreme Court held that the settlement of the first action did not bar the second action because the second action involved facts that occurred after judgment in the first action. *Id.* at 327-28, 99 L. Ed. at 1127-28. Therefore, "[w]hile the [earlier] judgment precludes recovery on claims arising prior to its entry, it cannot be given the effect of extinguishing claims which did not even then exist and which could not possibly have been sued upon in the previous case." *Id.* at 328, 99 L. Ed. at 1127-28. Similarly, in *Trustees of Garden of Prayer Baptist Church,* our Court recognized that "where subsequent to the rendition of judgment in the prior action, new facts have occurred which may alter the legal rights of the parties, the former judgment will not operate as a bar to the later action." *Trustees of Garden of Prayer Baptist Church,* 78 N.C. App. at 112, 336 S.E.2d at 697. Our Court held: "Since the issue and the facts upon which it arises were not before the [trial] court in the earlier action, the declaratory judgment in that action does not bar the present action." *Id.* at 113, 336 S.E.2d at 697. In the present case, unlike in *Lawlor* and *Trustees of Garden of Prayer Baptist Church,* the same facts gave rise to both the first and second actions. Therefore, the trial court's entry of summary judgment in the first action operates as a bar to the present action.

Plaintiff also cites several out-of-state cases in support of her position. However, these cases are not binding and are distinguishable, and we do not discuss them.

For the foregoing reasons, we hold the trial court did not err by granting summary judgment for Defendant on the ground of *res judicata.* We overrule this assignment of error. Because we find for Defendant on the merits of this issue, we need not reach Defendant's cross-assignments of error.

　　　　　　　　　　　　　`　　II.

**[2]** Plaintiff also argues the trial court erred by imposing Rule 11 sanctions on Plaintiff's attorneys. We agree. N.C. Gen. Stat. § 1A-1, Rule 11(a) (2007) provides, in pertinent part:

> The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Thus, pursuant to Rule 11, the signer certifies "that the pleadings are: (1) well grounded in fact, (2) warranted by existing law, 'or a good faith argument for the extension, modification, or reversal of existing law,' and (3) not interposed for any improper purpose." *Grover v. Norris*, 137 N.C. App. 487, 491, 529 S.E.2d 231, 233 (2000) (quoting N.C.G.S. § 1A-1, Rule 11(a)). " 'A breach of the certification as to any one of these three prongs is a violation of the Rule.' " *Kohler Co. v. McIvor*, 177 N.C. App. 396, 401, 628 S.E.2d 817, 822 (2006) (quoting *Bryson v. Sullivan*, 330 N.C. 644, 655, 412 S.E.2d 327, 332 (1992)). We review the imposition of Rule 11 sanctions *de novo*, and determine the following: " '(1) whether the trial court's conclusions of law support its judgment or determination; (2) whether the trial court's conclusions of law are supported by its findings of fact; and (3) whether the findings of fact are supported by a sufficiency of the evidence.' " *Id.* at 401-02, 628 S.E.2d at 822 (quoting *Renner v. Hawk*, 125 N.C. App. 483, 491, 481 S.E.2d 370, 375, *disc. review denied*, 346 N.C. 283, 487 S.E.2d 553 (1997)).

　　In the present case, the trial court concluded that Plaintiff's complaint (1) was not well grounded in fact and (2) was not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law. We first determine whether the trial court correctly concluded that Plaintiff's complaint was not well grounded in fact. In order to determine whether a complaint was well grounded in fact, we analyze the following: " '(1) whether the plaintiff undertook a reasonable inquiry into the facts and (2) whether the plaintiff, after reviewing the results of his inquiry, reasonably believed that his position was well grounded in fact.' " *Id.* at 402, 628 S.E.2d at 822

(quoting *McClerin v. R-M Industries, Inc.*, 118 N.C. App. 640, 644, 456 S.E.2d 352, 355 (1995)).

In the present case, the trial court found as follows:

> The assertion that [P]laintiff's rights to equal protection and due process were violated because of the alleged failure to appropriately discipline the boys who allegedly attacked her on the bus has no merit. Plaintiff who was the victim of the alleged attack is not similarly situated to the boys who allegedly attacked her. By definition, the victim of an assault is not similarly situated to the perpetrator of an assault. Plaintiff's attorneys have not pointed to any statute, case or other provision of law that gives a victim of an assault standing to seek damages from the disciplining authority because she did not approve of the discipline meted out to the perpetrators.

Based upon this finding of fact, it appears that the trial court mischaracterized Plaintiff's claim and, therefore, the finding of fact was not supported by the evidence. Plaintiff's claim was one for gender discrimination and, based upon Plaintiff's allegations, Plaintiff and the three boys who attacked her were similarly situated in that they were all students at the same school, riding the same bus, and were involved in the same altercation. We do not hold that Plaintiff's allegations were sufficient to state a claim for relief because that issue is not before us. We simply hold that, for purposes of Rule 11, Plaintiff's complaint was well grounded in fact. Because the trial court's finding of fact was not supported, the trial court's conclusion of law was also not supported.

The trial court also found that Plaintiff's complaint was not well grounded in fact for a separate reason:

> Counsel for [P]laintiff did not conduct a reasonable investigation to support their allegation that [P]laintiff was treated differently from similarly situated bodily injury claimants. The only evidence presented to the [trial] court to support this contention was the Complaints, Answers and Consent Judgments in three cases filed against the Board of Education. The evidence presented to the [trial] court is that the Board of Education had insurance to cover the claims in each of those cases. Plaintiff's attorneys did not contact any of the attorneys or guardians ad litem in those cases to find out if the claims were covered by insurance or why the cases were settled. Furthermore, each of the cases is distinguish-

able from the instant case in that the students whose claims were settled were injured on school premises. Plaintiff . . . was injured while crossing the street when she was struck by a vehicle not owned or operated by the school system. Plaintiff's attorneys had access to the school system's insurance policies. They could and should have determined that the bodily injury claims upon which they base their constitutional claims were covered by insurance. A reasonable inquiry by Harvey L. [Kennedy] or Harold L. Kennedy, III would have disclosed that the bodily injury claims against [D]efendant which have been settled were settled by the insurance companies from whom [D]efendant had purchased coverage and that immunity was waived by the purchase of that insurance.

However, the trial court's finding of fact that "[t]he evidence presented to the [trial] court is that the Board of Education had insurance to cover the claims in each of those cases[,]" is not supported by the evidence. This finding is based upon the affidavit of Douglas Punger. However, during the hearing on Defendant's summary judgment motion, the trial court ruled that it would not consider Douglas Punger's affidavit in any way: "I'm not going to consider that [affidavit] in any way at all. I think in all fairness until Mr. Punger has withdrawn as attorney, I shouldn't consider his affidavit." Moreover, Plaintiff's attorneys testified that in preparing the complaint in the present case, they checked the public record. Plaintiff's attorneys discovered three cases in which male plaintiffs had sued Defendant and had not alleged in their complaints that Defendant had waived sovereign immunity by the purchase of insurance. However, Defendant settled those cases. This demonstrates that Plaintiff's attorneys did perform a reasonable inquiry into the facts and did reasonably believe that the complaint was well grounded in fact. See Kohler Co., 177 N.C. App. at 402, 628 S.E.2d at 822. Because this finding of fact was not supported by the evidence, we hold that the trial court's conclusion of law, that Plaintiff's complaint was not well grounded in fact, was also not supported.

The trial court also concluded that the complaint was not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law. In order to determine the legal sufficiency of a pleading,

"the court must first determine the facial plausibility of the paper. If the paper is facially plausible, then the inquiry is com-

plete, and sanctions are not proper. If the paper is not facially plausible, then the second issue is (1) whether the alleged offender undertook a reasonable inquiry into the law, and (2) whether, based upon the results of the inquiry, formed a reasonable belief that the paper was warranted by existing law, judged as of the time the paper was signed. If the court answers either prong of this second issue negatively, then Rule 11 sanctions are appropriate."

*McClerin*, 118 N.C. App. at 643-44, 456 S.E.2d at 355 (quoting *Mack v. Moore*, 107 N.C. App. 87, 91, 418 S.E.2d 685, 688 (1992)). "[R]eference should be made to the document itself, and the reasonableness of the belief that it is warranted by existing law should be judged as of the time the document was signed." *Bryson*, 330 N.C. at 656, 412 S.E.2d at 333. Moreover, Rule 11 sanctions are inappropriate where the issue raised by a plaintiff's complaint is one of first impression. *See DeMent v. Nationwide Mut. Ins. Co.*, 142 N.C. App. 598, 606, 544 S.E.2d 797, 802 (2001).

In support of its conclusion of law in the present case, the trial court found:

The [trial] court finds that there is no reasonable basis for [P]laintiff's attorneys to believe that they could file this action seeking to recover damages arising out of the June 1995 motor vehicle accident almost five years after the North Carolina Court of Appeals held that the claims were barred by sovereign immunity.

We hold that this finding was unsupported because at the time Plaintiff filed the complaint, no case had specifically held that a dismissal on grounds of sovereign immunity was a final adjudication on the merits barring subsequent actions. Although we reach that conclusion in the present case, it is not appropriate to sanction Plaintiff's attorneys for filing the complaint in the present case when no case had specifically held so at that time. Accordingly, we hold that the trial court's conclusion of law was unsupported. For the foregoing reasons, we reverse the order sanctioning Plaintiff's attorneys.

Affirmed in part; reversed in part.

Judges TYSON and ELMORE concur.