***********
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Phillips and the briefs and oral arguments before the Full Commission. The appeal by Plaintiff has shown good grounds to reconsider the proceedings before the Deputy Commission. Accordingly, the Full Commission VACATES the Opinion and Award of Deputy Commissioner Phillips and REMANDS this case for trial upon the merits.
 *********** ISSUE *Page 2 
Whether Plaintiff's workers' compensation claim is subject to dismissal for the failure to state a claim under the Workers' Compensation Act.
 ***********
Based upon all the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. The Plaintiff's workers' compensation claim arose out of an alleged injury while working on a deck during the renovation of a residential property located at 112 Seventh Street in Cramerton, North Carolina on or about November 26, 2006. Defendant is the owner of the property in question and other Cramerton properties.
2. Defendant filed a Motion to Dismiss contending that Defendant is not subject to the Workers' Compensation Act ("Act") because Defendant is not a general contractor.
3. Defendant alleges these essential facts:
 a. She is an individual citizen and resident of Cramerton, Gaston County, North Carolina.
 b. She owns several residential properties that she either rents out to paying tenants or allows friends and/or family to occupy rent-free.
 c. She is not a general contractor and does not hold a general contractor's license.
 d. Defendant's properties occasionally require repairs and even renovations.
 e. Defendant is a nurse by training, and she does not have the knowledge required to accomplish the repairs and renovations on her own. Defendant utilizes Don Martin, who works in construction, to help her review various *Page 3 
contractors' work upon her properties. Martin is not a contractor by trade; he works for Zepsa Industries, Inc. in his daily occupation.
 f. Defendant's 112 Seventh Street property needed repairs. Defendant contracted with Plaintiff to furnish labor and materials for HVAC installation on or about early November 2006. This contract was for a fixed price of $2,500.00, which Defendant paid on an hourly basis per Plaintiff's request.
 g. Plaintiff performed the contract for Defendant.
 h. Once Defendant and Martin inspected Plaintiff's work, they determined that Plaintiff had a few items left to repair, and requested he do so.
 i. After completion, Defendant paid Plaintiff the $2,500.00 fixed price.
 j. Defendant contends that she did not learn of Plaintiff's alleged injury in November, 2007, until she received Plaintiff's Form 33 Request for a Hearing.
4. Plaintiff forecasts evidence at trial that controverts many of Defendant's core allegations, including, but not limited to:
 a. The contract between the Plaintiff and Defendant called for payment of an hourly wage for his services, not at a fixed price as alleged by Defendant.
 b. Defendant frequently inspected Plaintiff's work and required Plaintiff to remedy any work she found deficient.
 c. Defendant had actual knowledge of Plaintiff's injury no later than January 31, 2007 following an MRI that revealed a definitive injury to Plaintiff's neck. *Page 4 
6. The Pre-Trial Agreement executed by both parties in conformity with the Rules of the North Carolina Industrial Commission lists five witnesses for the Plaintiff, all listed as Plaintiff's co-workers.
5. Plaintiff admits that based upon his forecast of evidence that N.C. Gen. Stat. § 97-19 is inapplicable, but contends he was an employee of the Defendant under circumstances analogous to those inBoyd v. Mitchell, ___ N.C. ___, 268 S.E.2d 252 (1980). Defendant contends in conformity with her forecast of evidence that she is not an employer pursuant to N.C. Gen. Stat. § 97-19, and she is not subject to the provisions of the Act.
 ***********
Based upon the foregoing Findings of Fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Defendant's Motion to Dismiss is predicated upon Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. While the Rules of Civil Procedure are not strictly applicable to proceedings under the Act, they may provide guidance in the absence of an applicable rule under the Act. Ward v. Wake Co. Bd. OfEduc., 166 N.C. App. 726, 603 S.E.2d 896 (2004), disc reviewdenied, 359 N.C. 326, 611 S.E.2d 853 (2005). In ruling upon a motion to dismiss, the court reviews the complaint alone. When matters beyond the complaint are considered, the motion is treated as a motion for summary judgment. Herring v. Winston-Salem/ForsythCounty Bd. Of Educ., 188 N.C. App. 441, 656 S.E.2d 307 (2008). Summary judgment is appropriate only if the pleadings, depositions, answer to interrogatories and admissions on file, together with other evidence, shows that there is no genuine issue as to any material fact and that a party is entitled to a judgment as a matter of law. All inferences of fact must be drawn against the *Page 5 
movant and in favor of the party opposing the motion. Craig exrel. Craig v. New Hanover County Bd. Of Educ., ___
N.C. App. ___, ___ S.E.2d ___ (2009).
2. Given the controverted forecast of evidence and the conflicting legal theories advanced by the parties, genuine issues of fact and law exist that require remand of this workers' compensation action for a full hearing and decision upon the merits. N.C. Gen. Stat. § 97-77; Hanks V. Southern Pub. Util. Co.,210 N.C. 312, 186 S.E. 252 (1936); Joyner v. Rocky MountMills, 92 N.C. App. 478, 374 S.E.2d 610 (1988); Darrell L.Smith, Employee, Plaintiff v. Crystals Springs Water Company,Employer, Liberty Mutual Insurance Company, Carrier, Defendants
(I.C. No. 215575, April 23, 2003).
 ***********
Based upon the following Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. The Opinion and Award of December 9, 2008 is VACATED and this workers' compensation action is REMANDED to the Deputy Commissioner for a hearing upon the merits of the case at the earliest possible date.
2. No costs are taxed at this time.
This the ___ day of July 2009.
S/___________________ DANNY LEE McDONALD COMMISSIONER *Page 6 
CONCURRING:
 S/___________________ PAMELA T. YOUNG CHAIR
 S/___________________ LAURA K. MAVRETIC COMMISSIONER