AMERICAN GENERAL FINANCIAL SERVICES, INC. AND ROBERT FORQUER, SUB-
STITUTE TRUSTEE, PLAINTIFFS v. TIMOTHY H. BARNES, LORI A. BARNES, AND
PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY,
DEFENDANTS

No. COA05-478

(Filed 3 January 2006)

**Equity— equitable subrogation—refinancing—docketed judg-
ment missed—innocent third party**

Where borrowers executed promissory notes and deeds of
trust in favor of two lenders, the liens of those deeds of trust had
priority over a subsequent judgment lien, the borrowers refi-
nanced the promissory notes with one of the original lenders,
executed a third deed of trust, and the first two deeds of trust
were cancelled of record, and a title search by the refinancing
lender did not reveal the judgment lien, the doctrine of equitable
subrogation did not apply to give the lien of the third deed of trust
priority over the judgment lien because it would be inequitable to
put the judgment creditor in the inferior position.

Appeal by plaintiffs from order entered 21 January 2005 by Judge
W. Allen Cobb in Onslow County Superior Court. Heard in the Court
of Appeals 16 November 2005.

*Robertson, Haworth & Reese, P.L.L.C., by Christopher C. Finan
and Alan B. Powell, for plaintiffs-appellants.*

*Shirley and Adams, P.L.L.C., by A. Graham Shirley, and Post &
Schell, P.C. by Gary Wilson, for defendants-appellees.*

CALABRIA, Judge.

American General Financial Services, Inc. ("American General")
and Substitute Trustee, Robert A. Forquer ("Forquer"), (collectively
"plaintiffs") appeal from an order granting summary judgment in
favor of defendant Pennsylvania National Mutual Insurance Company
("Penn National"). We affirm.

Timothy H. Barnes and Lori A. Barnes (collectively "the Barnes
family") acquired property in Onslow County by a deed recorded on
7 March 1994. The street address of the property is 701 Deppe Road,
Maysville, North Carolina. On 22 April 1999, the Barnes family exe-
cuted a promissory note in the amount of $75,200.00, secured by a

deed of trust in the property to Branch Banking and Trust ("BB&T") as the beneficiary, and BB&T's deed of trust was recorded on 27 April 1999 in the public land records of Onslow County. On 7 July 2000, the Barnes family executed a promissory note, secured by a deed of trust in the property to American General as the beneficiary. The American General deed of trust was recorded on 7 July 2000 in the public land records of Onslow County. Subsequently, on 12 December 2001, the Barnes family executed, pursuant to Rule 68.1 of the North Carolina Rules of Civil Procedure, a confession of judgment to Penn National. The Barnes family admitted to breach of fiduciary duty, and they previously agreed to indemnify Penn National, issuing a probate and fiduciary bond. On 17 January 2002, the confession of judgment was properly entered, filed, and docketed in the office of the Clerk of Superior Court of Onslow County in the amount of $430,230.00, together with attorney's fees and interest.

The Barnes family then sought to refinance the BB&T and American General deeds of trust and to obtain additional funds in the amount of approximately $1,573.00. On 18 January 2002, the Barnes family executed a second promissory note, secured by a second deed of trust, to American General in the amount of $116,819.00, which paid $69,834.20 to BB&T and $44,238.00 for their first deed of trust. Immediately prior to recordation, American General updated a previous title search on the Barnes family's property. This title search did not reveal the 17 January 2002 judgment entered for Penn National against the Barnes family's property. Later that day, American General paid in full both the BB&T deed of trust and the initial American General deed of trust. American General also disbursed additional funds of approximately $1573.00 directly to the Barnes family. American General's second deed of trust was properly recorded in the public land records of Onslow County on 18 January 2002. Since both the BB&T deed of trust and the initial American General deed of trust were paid in full, both deeds of trust were cancelled of record, and the public land records of Onslow County indicated that Penn National's docketed judgment was a first-priority lien on the Onslow County property.

Plaintiffs commenced an action seeking to quiet title to the Onslow County property though a determination that American General, not Penn National, held a first-priority lien on the property. The Barnes family failed to answer the complaint. Plaintiffs filed a motion for default, and the trial court entered a default judgment against the Barnes family in August 2003. Subsequently, plaintiffs

filed a motion for summary judgment against Penn National. In an order entered 21 January 2005, the trial court denied plaintiff's motion for summary judgment and granted summary judgment, *sua sponte*, in favor of Penn National. Plaintiffs appeal.

On appeal, plaintiffs argue that the trial court erred in granting summary judgment in favor of Penn National because Penn National's judgment should be subrogated to American General's lien under the doctrine of equitable subrogation. A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2003). When a trial court rules on a motion for summary judgment, "the evidence is viewed in the light most favorable to the non-moving party," *Hinson v. Hinson*, 80 N.C. App. 561, 563, 343 S.E.2d 266, 268 (1986), and all inferences of fact must be drawn against the movant and in favor of the nonmovant. *Furr v. K-Mart Corp.*, 142 N.C. App. 325, 327, 543 S.E.2d 166, 168 (2001). We review *de novo* a trial court's granting of a summary judgment motion. *See Hlasnick v. Federated Mut. Ins. Co.*, 136 N.C. App. 320, 323, 524 S.E.2d 386, 388 (2000).

Equitable subrogation is applicable "when one person has been compelled to pay a debt which ought to have been paid by another and for which the other was primarily liable." *Trustees of Garden of Prayer Baptist Church v. Geraldco Builders, Inc.*, 78 N.C. App. 108, 114, 336 S.E.2d 694, 697-98 (1985) (citations omitted). The doctrine will not be invoked in favor of mere volunteers; rather, a plaintiff must show that he paid another's obligation for the purpose of "protecting some real or supposed right or interest of his own." *Jamestown Mut. Ins. Co. v Nationwide Mut. Ins. Co.*, 277 N.C. 216, 221, 176 S.E.2d 751, 755 (1970) (citations omitted). Our Supreme Court has set forth the general rule that:

> [O]ne who furnishes money for the purpose of paying off an encumbrance on real or personal property, at the instance either of the owner of the property or of the holder of the encumbrance, either upon the express understanding or under circumstances from which an understanding will be implied, that the advance made is to be secured by a first lien on the property, [is not a mere volunteer and] will be subrogated to the rights of the prior lienholder as against the holder of an intervening lien, of which the lender was excusably ignorant.

*Peek v. Wachovia Bank & Trust Co.*, 242 N.C. 1, 15, 86 S.E.2d 745, 755 (1955). When the equities of a case favor equitable subrogation, "the party in whose favor [the right to subrogation] exists is entitled to all of the remedies and security which the creditor had against the person whose debt was paid." *Trustees of Garden of Prayer Baptist Church*, 78 N.C. App. at 114, 336 S.E.2d at 698.

The doctrine of equitable subrogation does not apply in this case because Penn National has no liability for plaintiff's inferior lien position. When Penn National docketed its judgment on 17 January 2002, its lien was subordinate to two prior deeds of trust. Plaintiffs failed to properly search the public records and caused Penn National's $430,230.00 judgment to move from third priority to first priority by cancelling the two prior deeds of trust. Plaintiff's could have refused to refinance the Barnes family outstanding deeds of trust, and Penn National did not compel them to refinance. Accordingly, Penn National is an innocent third party, and even assuming, *arguendo*, that American General was "excusably ignorant," the equities do not favor subordinating Penn National's judgment to American General's lien. If we were to subrogate Penn National's judgment to American General's second deed of trust, we would place Penn National in a worse position because it would be subordinate to the additional sum of $1,573.00 that American General provided to the Barnes family. It would be inequitable to place an innocent third party in an inferior position. *See* 73 Am. Jur. 2d *Subrogation* § 11 (2005) (saying, "relief by way of subrogation will not be granted where it would work injustice"). Accordingly, we hold that the trial court did not err in determining that the doctrine of equitable subrogation was inapplicable in this case and properly granted summary judgment in Penn National's favor.

Plaintiffs have failed to argue their remaining assignments of error on appeal, and we deem them abandoned pursuant to N.C. R. App. P. 28(b)(6) (2003).

Affirmed.

Judges BRYANT and JACKSON concur.