# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

# IN AND FOR NEW CASTLE COUNTY

EASTERN SAVINGS BANK, FSB, )
    Appellant, Defendant below )    C. A. No.:   N13A-09-008 VLM
                               )
           v. )
                               )
CACH, LLC, )
    Appellee. Plaintiff, below )

## OPINION

Submitted: April 24, 2014
Decided: July 31, 2014

*On Appeal from a Decision of the*
*Court of Common Pleas,* **AFFIRMED.**

David E. Matlusky, Esquire, The Matlusky Firm, LLC, 1423 North Harrison Street, Wilmington, DE 19806, Attorney for Appellant.

Patrick Scanlon, Law Offices of Patrick Scanlon, P.A., 203 NE Front Street, Suite 101, Milford, DE 19963, Attorney for Appellee.

**MEDINILLA, J.**

## INTRODUCTION

This case comes before this Court on appeal from the Court of Common Pleas. It involves a a priority dispute between Plaintiff-Appellee CACH, LLC ("CACH"), a judgment lien holder against Aaron Johnson, Jr., and Defendant-Appellant Eastern Savings Bank, FSB ("Eastern"), a junior mortgage lien holder that foreclosed on the Johnson property. Following a lengthy procedural history, including a remand from the Supreme Court of Delaware, the Court of Common Pleas was presented with the singular issue of whether the doctrine of equitable subrogation should be applied to this case to advance Eastern's priority position which would allow them to retain funds from the Johnson property's mortgage foreclosure sale. The Court of Common Pleas found that the doctrine of equitable subrogation does not apply to this case. For the reasons set forth below, this Court finds that the Court of Common Pleas did not commit legal error in its ruling. Therefore, the decision of the Court of Common Pleas is **AFFIRMED.**

## STIPULATED FACTUAL HISTORY

In the instant action, the parties have stipulated to the following chronology of relevant facts:[1]

---

[1] Stipulation of Facts, E. Sav. Bank, FSB v. Cach, LLC, C.A. No. N13A-09-008 (Del. Com. Pl. Feb. 22, 2013) [hereinafter "Stipulation of Facts"].

1

| 12/07/06 | Plaintiff, CACH, LLC, obtained a judgment against Aaron Johnson, Jr. in the Court of Common Pleas, in and for New Castle County (C.A. No. 2006-08-238) |
|---|---|
| 12/19/06 | December 19, 2006, Aaron Johnson, Jr. executed a Deed conveying his property at 19 Sanford Drive, Newark, Delaware to himself and his wife, Angela, as tenants by the entireties. The law firm of The Matlusky Firm, LLC represented both the seller, Aaron Johnson and the buyers Aaron Johnson and his wife Angela. |
| 12/19/06 | Aaron Johnson, Jr. and Angela Johnson executed a Mortgage to Eastern Savings Bank, FSB on December 19, 2006 for the sum of $168,000.00. As part of the refinance, two mortgages in the amount of $106,902.00 to Wilmington Trust Company dated 6/29/99 and $23,724.40 to Pacific Shore Funding dated 7/25/2002 were paid and satisfied out of the mortgage proceeds provided by Eastern Savings Bank. Three judgments were also paid in the following amounts: $16,838.31 to Norman E. Lavine dated 6/7/04, $299.85 to State of Delaware dated 9/27/06, and $715.00 to First Premier Bank dated 3/10/2006. The CACH judgment was not paid or satisfied during the refinance. |
| 12/21/06 | Plaintiff, CACH, LLC transferred the judgment to Superior Court in and for New Castle County (JD #06J-12-467), and had it duly recorded on December 21, 2006. On December 21, 2006, the legal owner of the property according to the records on file at the Recorder of Deeds Office in New Castle County was Aaron Johnson, Jr. |
| 12/29/06 | Deed conveying property at 19 Sanford Drive, Newark, Delaware from Aaron Johnson, Jr. to Aaron Johnson, Jr. and his wife, Angela, at T x E was recorded ten days after the date of settlement. |
| 12/29/06 | Mortgage from Aaron Johnson, Jr. and Angela Johnson to Eastern Savings Bank, FSB was recorded. |
| 12/29/06 | At the time of recording a bring-down search was done by Global Title. The law office and the title company took no action at that time. |
| 1/25/07 | Aaron Johnson's mortgage to Pacific Shore Funding, duly recorded on 7/25/02, was satisfied of record as a result of the payoff as part of the refinance on December 19, 2006. |

2/26/07    Aaron Johnson's mortgage to Wilmington Trust Company, duly recorded on 6/29/99, was satisfied of record as a result of the payoff as part of the refinance on December 19, 2006.

8/26/08    Defendant, Eastern Savings Bank, FSB, filed a foreclosure action against Aaron Johnson, Jr. for the real estate located at 19 Sanford Drive, Newark, Delaware.

9/05/08    Plaintiff's attorney wrote to John Weaver, attorney for Defendant, Eastern Savings Bank, FSB in the foreclosure action, informing him that the lien of CACH, LLC was ahead of Eastern Savings Bank, FSB's mortgage. The title insurance company was informed of this claim but Eastern Savings Bank and the title insurance company did not respond to the letter.

4/14/09    The Sheriff, on behalf of Eastern Savings Bank, FSB, sold Aaron Johnson, Jr.'s and wife Angel Johnson's real estate located at 19 Sanford Drive, Newark, Delaware at a mortgage foreclosure sale to Mile High Investments, Inc. for $133,000.00

5/08/09    The sale was confirmed.

6/03/09    The Sheriff of New Castle County sent John Weaver, as attorney for Defendant, Eastern Savings Bank, FSB, the proceeds of the Sheriff's sale after deducting the costs of the sale.

7/31/09    Plaintiff's attorney wrote to John Weaver, attorney for Defendant, Eastern Savings Bank, FSB in the foreclosure action, demanding that the CACH, LLC judgment be paid out of the proceeds of the sale. Plaintiff filed this soon after proceeds were not forthcoming.

## PROCEDURAL HISTORY

CACH filed its Complaint against Eastern on November 30, 2009 in the New Castle County Court of Common Pleas. The Complaint alleged two counts: (1) misappropriation of funds received from the sheriff's sale, and (2) unjust enrichment by retaining the portion of the sale proceeds that should have been paid

to CACH. Eastern filed a Motion to Dismiss for failure to state a claim and CACH filed a Motion for Summary Judgment. The Court of Common Pleas denied CACH's Motion for Summary Judgment and granted Eastern's Motion to Dismiss.[2] The decision was reversed by the Superior Court.[3]

Eastern appealed to the Supreme Court. On August 24, 2012 the Supreme Court affirmed the Decision of the Superior Court and held that (1) CACH's judgment lien was discharged at the sheriff's sale, and (2) CACH's judgment lien has priority over Eastern's mortgage.[4] Eastern filed a Motion for Reargument, which was granted by the Supreme Court on September 11, 2012, and scheduled for a determination on the briefs. On October 30, 2012, the Supreme Court issued an Order which clarified their opinion that although "the record did not reflect that proceeds from appellant's mortgage were used to pay off prior mortgage on the property, [the Supreme Court] did not preclude a presentation of facts that could show otherwise."[5] Accordingly, the Supreme Court remanded the matter to the Court of Common Pleas to consider the claim for equitable subrogation.[6]

---

[2] *CACH, LLC. Eastern Sav. Bank, FSB,* C.A. CPU4-09-09-009022, at 9 (Del. Com. Pl. June 11, 2010).

[3] *CACH, LLC. Eastern Sav. Bank, FSB,* 2011 WL 4730525, at *5 (Del. Super. Sept. 30, 2011).

[4] E. Sav. Bank, FSB v. CACH, LLC, 55 A.3d 344 (Del. 2012).

[5] *E. Sav. Bank, FSB v. Cach, LLC*, 2012 WL 9298300, at ¶2 (Del. Oct. 30, 2012). In the record's present state, the parties have stipulated to a set of relevant facts that overcome the baseline issue which barred the Supreme Court from fully addressing Eastern's equitable subrogation claim. *See* Stipulation of Facts ("As part of the refinance, two mortgages in the amount of $106,902.00 to Wilmington Trust Company dated 6/29/99 and $23,724.40 to Pacific Shore Funding dated

Accordingly, on April 1, 2013, Eastern filed its Opening Brief in the Court Common Pleas on its Motion for Summary Judgment. On May 3, 2013 CACH filed its Answering Brief. On May 16, 2013 Eastern filed its Reply Brief. The Court of Common Pleas ruled in favor of CACH and denied Eastern's Motion for Summary Judgment on June 3, 2013. Eastern filed a Motion for Reargument on June 19, 2013 and CACH filed its Response on June 25, 2013. The Court of Common Pleas denied the Motion for Reargument on September 5, 2013, and Eastern appealed to this Court on September 17, 2013.

Eastern filed its Opening Brief with this Court on February 20, 2014. CACH filed its Answering Brief on March 21, 2014. Eastern filed its Reply Brief on April 4, 2014.

## STANDARD OF REVIEW

Statutory authority provides for appellate review by the Superior Court of decisions rendered by the Court of Common Pleas.[7] This Court reviews an appeal from a decision of the Court of Common Pleas as the Supreme Court would consider an appeal from a decision of this Court.[8] In reviewing appeals from the

---

7/25/2002 were paid and satisfied out of the mortgage proceeds provided by Eastern Savings Bank.").

[6] *E. Sav. Bank, FSB v. CACH, LLC*, 55 A.3d 344 (Del. 2012); *E. Sav. Bank, FSB v. Cach, LLC*, 2012 WL 9298300 (Del. Oct. 30, 2012) (clarifying remand on issue of equitable subrogation).

[7] 11 *Del. C.* § 5301.

[8] *Massey v. Vugrinec*, 2003 WL 1387130 (Del. Super. Feb. 28, 2003).

Court of Common Pleas, this Court sits as an intermediate appellate court.[9] The Court may "review *de novo* questions of law involved in the case."[10] The Superior Court must limit its review to correcting errors of law and determining whether the lower court judge's factual findings "are adequately supported by the record and are the product of orderly and logical deductive process."[11] If a Court of Common Pleas decision is supported by sufficient evidence, it must be accepted by the Delaware Superior Court.

## DISCUSSION

### I. Delaware's Race Statute and the Doctrine of Equitable Subordination

The General Assembly has enacted four separate statutes governing the priority of Mortgages, deeds, and judgment liens, respectively:

> **25 *Del.C.* § 2106 Priority of mortgage from time of recording**
>
> A mortgage, or a conveyance in the nature of a mortgage, of lands or tenements shall have priority according to the time of recording it in the proper office, without respect to the time of its being sealed and delivered, and shall be a lien from the time of recording it and not before.

---

[9] *State v. Richards*, 1998 WL 732960 (Del.Super. May 28, 1998).
[10] *Ensminger v. Merritt Marine Const. Inc.*, 597 A.2d 854, 855 (Del. Super. 1988).
[11] *Romain v. State Farm Mut. Auto. Ins. Co.*, 1999 WL 1427801, at *1 (Del. Super. Dec. 2, 1999).

6

### 25 *Del.C.* § 153 Priority of deed concerning lands or tenements

A deed concerning lands or tenements shall have priority from the time that it is recorded in the proper office without respect to the time that it was signed, sealed and delivered.

### 10 *Del.C.* § 4702 Time of binding lands

A judgment shall bind lands only from the time of actually entering or signing it, and not by relation from the first day of the term in or of which it is entered.

### 10 *Del.C.* § 4704 Ascertaining amount of judgment; time of entry

A judgment given, amount to be ascertained by the prothonotary or other person, shall bind from the time of its entry, if the amount is ascertained and entered upon the docket before the first day of the term next after that in which the judgment is given; but otherwise only from the time of entering upon the docket the ascertained amount.

The Court below relied on the above statutes, taken together, as evidence of "the legislature's intent to make the sole determining factor a deciding priority for deeds, mortgages and judicial liens the time of recording."[12]  The decision of the Court of Common Pleas is supported by the Supreme Court of Delaware's consistent recognition that Delaware is a race jurisdiction and, as such, the time of

---

[12] *E. Sav. Bank, FSB v. CACH, LLC*, C.A. No. N13A-09-008, at 8-9 (Del. Com. Pl. June 3, 2013) ("it is the legislature's intent to make the sole determining factor a deciding priority for deeds, mortgages and judicial liens the time of recording.").

recording is determinative.[13]  The general rule in Delaware is first in time, first in right.[14]

CACH recorded its judgment as a lien on the property on December 21, 2006.  Eastern did not record its mortgage until December 29, 2006.  The Supreme Court ruled that CACH's judgment lien has priority over Eastern's mortgage.[15]

Eastern does not dispute Delaware's status as a race jurisdiction.  Nor does Eastern deny that CACH's judgment lien preceded Eastern's Mortgage.  Rather, Eastern argues that the doctrine of equitable subrogation precluded the Court of Common Pleas from applying Delaware's general "first in time, first in right" rule to this case.

## II.    Analysis

Equitable subrogation is an equitable doctrine, whereby

> [o]ne who fully performs an obligation of another, secured by a mortgage, becomes by subrogation the owner of the obligation and the mortgage to the extent necessary to prevent unjust enrichment.  Even though the performance would otherwise discharge the obligation

---

[13] *See e.g. First Mortgage Co. of Pennsylvania v. Fed. Leasing Corp.*, 456 A.2d 794, 795 (Del. 1982); *E. Sav. Bank, FSB v. CACH, LLC*, 55 A.3d 344, 349-350 (Del. 2012) (discussing Judge Wooley's explanation of priority and stating that "no Superior Court judge has ever issued a decision that would directly contradict Judge Wooley's interpretation"); 2 Victor B. Woolley, *Practice in Civil Actions and Proceedings in the Law Courts of the State of Delaware* § 1139 (1906).

[14] *Id.*

[15] *E. Sav. Bank, FSB v. CACH, LLC*, 55 A.3d 344, 349 (Del. 2012).

8

and the mortgage, they are preserved and the mortgage retains its priority in the hands of the subrogee.[16]

It is indisputable that the doctrine of equitable subrogation has been applied by Delaware Courts in certain circumstances.[17] The issue here is (1) whether equitable subrogation is available to overcome the general rule of Delaware's race recording statute, and if so, (2) whether the particular facts of this case satisfy the requirements of equitable subrogation.[18] As discussed below, this Court finds that equitable subrogation is not available to overcome Delaware's race recording statute. Therefore, it is not necessary for this Court to determine whether the specific facts of this case satisfy that remedy's preconditions.[19]

The plain meaning of the governing statutes strongly evidences a legislative intent to prevent any exception to the race recording rule.[20] Eastern argues that despite the fact that CACH's lien was recorded before Eastern's, the Court of Common Pleas should have applied the doctrine of equitable subrogation and

---

[16] Restatement (Third) of Property (Mortgages) § 7.6 (a) (1997).

[17] *See e.g. E. States Petroleum Co. v. Universal Oil Products Co.*, 44 A.2d 11 (Del. Ch. 1945) (applying to a licensing dispute based off of defendant's alleged fraud and collusion in obtaining a federal court judgment).

[18] In addition to its equitable subrogation argument, Eastern also argues that any rightful claim which CACH may have had was discharged by the Bankruptcy of Aaron Johnson. Eastern's Opening Brief at 13-14. CACH correctly responded that the Supreme Court explicitly limited the issue on remand to the "presentation of facts supporting the claim of equitable subrogation." *E. Sav. Bank, FSB v. Cach, LLC,* 88, 2012, 2012 WL 9298300 (Del. Oct. 30, 2012). Eastern did not address this issue in its Reply Brief, and thus appears to concede that it was misplaced.

[19] *See Reserves Dev. LLC v. Severn Sav. Bank, FSB*, 2007 WL 4054231 (Del. Ch. Nov. 9, 2007) (discussing the five conditions necessary to apply equitable subrogation).

[20] *See 25 Del. C.* § 153.

granted Eastern priority status. Eastern provides this Court with legal authority

that has previously applied the doctrine in various circumstances, but none that

imply the Court of Common Pleas committed legal error in refusing to apply the

doctrine to overcome Delaware's recording statute.[21]

Eastern relies primarily on *Eastern States Petroleum Co. v. Universal Oil

Products Co.*[22] In *Eastern States Petroleum,* the Court of Chancery of Delaware

discusses the application of equitable subrogation to a licensing dispute wherein a

defendant obtained a federal court judgment based on fraud and collusion. Eastern

overemphasizes the Court of Chancery's statement that equitable subrogation "has

much broader application" than its original use, confined to cases involving the

relation of principal and surety.[23] The Court of Common Please correctly noted on

reargument: "not in *Eastern States Petroleum*, nor in the [70] years since that

decision has a Delaware Court applied Equitable Subrogation to grant a

---

[21] In addition to the Delaware precedent discussed below (see *infra* notes 18-24), Eastern has provided this Court with what it views as instructive precedent from North Carolina Courts. Eastern focuses on North Carolina because like Delaware, North Carolina has a race recording statute. *See* N.C. GEN. STAT. §§47-18, 20. Aside from the fact that jurisdictionally this Court is not bound by such precedent, the cases cited to by Eastern are factually distinguishable. *Commonweal Land Title Ins. Co. v. Walker & Romm*, 883 F.Supp.2d 83 (E.D.N.C. 1994) (recognizing the doctrine of equitable subrogation, but not applying it); *Am Gen. Fin Servs v. Barnes*, 175 N.C.App. 406 (N.C.Ct.App. 2006) (finding equitable subrogation may be applicable in some situations, but not an available remedy; *Wallace v. Benner*, 200 N.C. 124, 156 S.E. 795, 796 (1931) (applying equitable subordination where a closing fraudulently neglected to disburse funds to satisfy prior mortgages as instructed by the client).
[22] *E. States Petroleum Co.*, 44 A.2d 11.
[23] *Id.* at 15.

[m]ortgagee all the rights and priorities of the prior mortgage."[24] This Court distinguishes *Eastern States Petroleum* from the facts of this case and finds that the application of the doctrine of equitable subrogation would cut against the general rule of Delaware's race recording statute.

In citing additional authority to support its position, Eastern further describes *Stoeckle v. Rosenheim* as "precisely on point in all regards with the case at hand."[25] In *Stoekle* the Court found that when a first mortgage was satisfied by mistake, the aggrieved party was "entitled to be relieved from the consequences of its mistake in directing a satisfaction of the first mortgage, and that the mortgage will be reinstated as a valid and subsisting lien with the priority it had before it was satisfied."[26] *Stoekle*, as does our case, involves an equitable subrogation claim in a real estate transaction. *Stoekle*, is nonetheless distinguishable because the remedy sought there was an injunction; the prevention of a foreclosure sale. Here, the applicability of the recording statute is at center stage, not the prevention of a foreclosure sale. The *Stoekle* Court never addresses the issues before this Court and, therefore, Eastern's reliance on this authority is somewhat misplaced.

---

[24]*E. Sav. Bank, FSB v. CACH, LLC*, C.A. No. N13A-09-008 at 2 (Del. Com. Pl. Sep. 5, 2013).
[25] *Stoeckle v. Rosenheim*, 95 A. 300 (Del. Ch. 1915).
[26] *Id.* at 302.

Eastern further relies on *Oldham v. Taylor*.[27]  Although the *Oldham* Court uses the language of equitable subrogation, the Court of Common Pleas considered the analogy to this matter before the Court, and determined that, conceptually, *Oldham* is better understood as relying on a more general theory of unjust enrichment.  The Court of Common Pleas determined that if the mortgagee in *Oldham* had legally "stepped into the shoes" of the previous mortgages, as Eastern would have it, then Oldham's interest in the property would not be "free of their liens."[28]  In other words, were *Oldham* a case of true equitable subrogation, the mortgagee could "personally enforce any right that the original creditor could have pursued against the debtor, including the right to foreclose on any security held by the creditor."[29]

**CONCLUSION**

Eastern has failed to provide this Court with Delaware statutory authority to support its contention that the priority of liens should have been re-ordered based on the doctrine of equitable subrogation.  This Court finds no legal error in the decision of the Court of Common Pleas and, therefore, its decision is hereby **AFFIRMED.**

---

[27] *Oldham v. Taylor*, 2003 WL 21786217 (Del. Ch. Aug. 4, 2003).
[28] *See E. Sav. Bank, FSB v. CACH, LLC*, C.A. No. N13A-09-008, at 9 (Del. Com. Pl. June 3, 2013).
[29] Black's Law Dictionary 248 (3rd ed. pocket edition 2006) (defining equitable subrogation).

12

**IT IS SO ORDERED.**

/s/ Vivian L. Medinilla

Judge Vivian L. Medinilla