IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA14-1111

Filed: 7 April 2015

THE BANK OF NEW YORK MELLON
F/K/A THE BANK OF NEW YORK AS
SUCCESSOR TO JP MORGAN CHASE
BANK NATIONAL ASSOCIATION AS
TRUSTEE FOR THE BENEFIT OF THE
CERTIFICATE OF HOLDERS OF EQUITY
ONE ABS, INC. MORTGAGE PASS
THROUGH CERTIFICATES SERIES
2003-2

     Plaintiff

                                Durham County
                                No. 12 CVS 2253

       v.

JUNE WITHERS, CHARLES L. STEEL,
IV, SOLELY IN HIS CAPACITY AS
GUARDIAN OF THE ESTATE OF JUNE
WITHERS, RHONDA WITHERS,
MARGARET YOUNG, ROBERT YOUNG,
SHELIA SMITH, FAYE KEARNEY,
ROBERT KEARNEY, NORTH CAROLINA
DEPARTMENT OF REVENUE, BRANCH
BANKING AND TRUST COMPANY AND
HSBC MORTGAGE SERVICES, INC.

     Defendants

Appeal by defendants from an order for summary judgment to quiet title under

the doctrine of equitable subrogation entered 9 May 2014 by Judge Howard E.

Manning, Jr. in Durham County Superior Court. Heard in the Court of Appeals 17

February 2015.

*Ragsdale Liggett, by Dorothy Bass Burch and Ashley H. Campbell, for The Bank of New York Mellon, plaintiff-appellee.*

*Berman & Associates, by Gary K. Berman, for Margaret Young, Shelia Smith, and Faye Kearney, defendant-appellants.*

CALABRIA, Judge.

In 2002, June ("June") Withers was the sole owner of the property located at 121 West Cornwallis Road in Durham, NC (the "property"). At the time, June and her daughter, Rhonda ("Rhonda") Withers, sought a home loan from Popular Financial Services ("PFS") to refinance the prior deed of trust on the property from Accredited Home Lenders ("AHL"). To qualify for the loan, June and Wanda agreed to two conditions: (1) that PFS would have a first position lien on the property through a deed of trust executed by June and Rhonda Withers and (2) that June would execute a quitclaim deed with June as grantor and June and Rhonda as joint tenants. Accordingly, PFS instructed the closing attorney Natasha Newkirk ("Newkirk") to prepare a deed with June as the grantor and June and Rhonda as joint tenants and to pay the prior deed of trust to AHL in full.

Newkirk prepared a quitclaim deed that not only included June and Rhonda as grantees, but also mistakenly included June's three other daughters, Margaret Young ("Young"), Shelia Smith ("Smith"), and Faye Kearney ("Kearney"). Therefore, June conveyed an undivided interest to June, Rhonda, Young, Smith, and Kearney as tenants in common. On 10 January 2003, Newkirk recorded both the erroneous

quitclaim deed and the deed of trust in Durham County. Therefore, June and Rhonda shared only a two-fifth interest in the property instead of the entire property. Newkirk, as directed by PFS, also paid the AHL deed of trust in full. PFS assigned the PFS deed of trust to the Bank of New York Mellon ("plaintiff").

On 6 March 2012, plaintiff filed an action against the five tenants seeking, *inter alia*, to reform the deed of trust to include the portions of property held by Young, Smith, and Kearney so as to impose a constructive trust on the entirety of the property or, in the alternative, to equitably subrogate the deed of trust to the prior deed of trust held by AHL. June passed away on 28 December 2013. Rhonda executed a quitclaim deed to plaintiff transferring the entirety of her interest in the property, including any interest obtained following the passing of her mother, June. Therefore, the only remaining defendants were Young, Smith, and Kearney.

Plaintiff and the remaining defendants filed motions for summary judgment. After a hearing, the trial court denied plaintiff's attempts to reform the deed of trust and to impose a constructive trust and granted defendants' motions for summary judgment on those issues. At the same time, the trial court granted plaintiff's motion for summary judgment to quiet title under the legal doctrine of equitable subrogation. Defendants appeal.

On appeal, defendants argue the trial court erred in granting summary judgment on the equitable subrogation claim for three reasons. First, defendants contend that plaintiff and defendants never agreed that Newkirk would use the funds

to pay the prior deed of trust to AHL in full. Second, defendants maintain that plaintiff was not "excusably ignorant" of Newkirk's mistake. Third, defendants claim plaintiff had an adequate remedy at law.

The standard of review for summary judgment is *de novo*. *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008). Summary judgment will be upheld when the record indicates that there is no genuine issue of material fact and a party is entitled to judgment as a matter of law. *Forbis v. Neal*, 361 N.C. 519, 523–24, 649 S.E.2d 382, 385 (2007) (citations and quotations omitted).

Equitable subrogation is a

> general rule [that] one who furnishes money for the purpose of paying off an encumbrance on real or personal property, at the instance either of the owner of the property or of the holder of the encumbrance, either upon the express understanding or under circumstances from which an understanding will be implied, that the advance made is to be secured by a first lien on the property, will be subrogated to the rights of the prior lienholder as against the holder of an intervening lien, of which the lender was excusably ignorant.

*Peek v. Wachovia Bank & Trust Co.*, 242 N.C. 1, 15, 86 S.E.2d 745, 755 (1955). It applies "when one person has been compelled to pay a debt which ought to have been paid by another and for which the other was primarily liable." *Trustees of Garden of Prayer Baptist Church v. Geraldco Builders, Inc.*, 78 N.C. App. 108, 114, 336 S.E.2d 694, 697–98 (1985) (citations omitted).

Equitable subrogation is based in equity and the purpose is "the doing of complete, essential, and perfect justice between all the parties without regard to form, and its object is the prevention of injustice." *Journal Pub. Co. v. Barber*, 165 N.C. 478, 487–88, 81 S.E. 694, 698 (1914). "When the equities of a case favor equitable subrogation, the party in whose favor the right of subrogation exists is entitled to all of the remedies and security which the creditor had against the person whose debt was paid." *Am. Gen. Fin. Servs., Inc. v. Barnes*, 175 N.C. App. 406, 409, 623 S.E.2d 617, 619 (2006) (citing *Trustees of Garden of Prayer Baptist Church*, 78 N.C. App. at 114, 336 S.E.2d at 698) (quotations omitted). The doctrine of equitable subrogation requires "both that the money should have been advanced for the purpose of discharging the prior encumbrance, and that [such money] should have actually been so applied." *Peek*, 242 N.C. at 15–16, 86 S.E.2d at 756 (internal quotations and citations omitted).

In the present case, plaintiff's predecessor in interest, PFS, loaned June and Rhonda Withers $63,425.00 to pay the prior deed of trust to AHL in full for the property at 121 West Cornwallis Road in exchange for a first position lien on that property. PFS provided the funds, directed the closing attorney to pay the prior deed of trust in full, and the closing attorney followed their directions regarding using the funds to pay the prior deed of trust to AHL in full. As part of the transaction, PFS required June to execute a quitclaim deed transferring the property to June and Rhonda as joint tenants. The closing attorney failed to follow PFS' instructions and

mistakenly prepared the quitclaim deed with June as grantor and all three daughters, along with June and Rhonda, as joint tenants. When the closing attorney prepared the quitclaim deed, she directly contradicted PFS' instructions. As a result of this oversight, the deed of trust from PFS secured only two-fifths of the property, instead of the entire property. Since equity requires that the funds were advanced for the purpose of discharging the prior encumbrance, equity would not allow the attorney's mistake to defeat the agreed purpose of the transaction, which was to secure a loan by granting a first position lien on the property at 121 Cornwallis Road. Therefore, as a matter of law, the trial court correctly applied the doctrine of equitable subrogation to allow PFS, and its successor in interest, plaintiff, to an equitable subrogation of their rights to AHL to claim a first position lien on the entire property.

Defendants contend that despite satisfying all the requirements of equitable subrogation, plaintiffs should not receive an equitable benefit because there are adequate remedies at law. According to defendants, equity does not apply when the party seeking equity has a full and complete remedy at law. *Daugherty v. Cherry Hospital*, 195 N.C. 97, 102, 670 S.E.2d 915, 919 (2009) (citations and quotations omitted). As a general rule, "[e]quity supplements the law. Its office is to supply defects in the law where, by reason of its universality, it is deficient, to the end that rights may be protected and justice may be done as between litigants." *Town of Zebulon v. Dawson*, 216 N.C. 520, 522, 5 S.E.2d 535, 537 (1939). However, the remedies defendants identify are inadequate because of the failure to account for the

unique nature of real property. According to the Supreme Court of North Carolina, "[l]and is an extremely important and long-valued asset in this state and throughout this country." *Powell v. City of Newton*, 364 N.C. 562, 572, 703 S.E.2d 723, 730 (2010) (Martin, J. concurring). In fact, "it has long been established, both in this state and throughout this country, that land is a special and unique asset . . . ." *Id.* at 573–74, 703 S.E.2d at 731 (Hudson, J. dissenting). Due to land's unique nature, damage claims against individuals are an inadequate substitute for a first position lien on real property.

Since land is unique and the remedies at law identified by defendants are inadequate, the doctrine of equitable subrogation applies. Therefore, as a matter of law, the trial court correctly concluded that plaintiff was entitled to equitable subrogation. The trial court correctly granted summary judgment in favor of plaintiff since it was entitled to judgment as a matter of law and no issues of material fact existed. Accordingly, we affirm the trial court's judgment.

Affirmed.

Judges McCullough and Dietz concur.